# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. CHANEY JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-111-R |
| WAL-MART STORES INC., et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court in its second iteration. Plaintiff James E. Chaney, Jr. previously brought a lawsuit before the Court that challenged his treatment and termination by Defendants. *Chaney v. Walmart Stores Inc.* et al, No. 5:15-00592 ("*Chaney I*"). The Court initially granted in part and denied in part Defendants' motion to dismiss in that case. *Chaney I*, Doc. No. 12. Plaintiff subsequently filed an Amended Complaint, which Defendants also moved to dismiss. *Chaney I*, Doc. Nos. 14, 15. Because Plaintiff failed to respond to that motion, the Court dismissed Plaintiff's complaint pursuant to Local Rule 7.1(g). *Chaney I*, Doc. Nos. 16, 17. That action is now closed and not before the Court.

Plaintiff then initiated this action on February 9, 2016. Doc. No. 1. In this action, he asserts two claims, styled as follows: "Complaint #1- Disability Harassment" and "Complaint #2 – Whistleblower & Retaliation." *Id.* Defendants again move to dismiss. Doc. No. 14. Additionally, Plaintiff served subpoenas on Defendants and Defendants' counsel, GableGotwals, which Defendants moved to quash. Doc. Nos. 8, 13. Plaintiff

also moved for an order requiring Defendants to produce his applications and employment records. Doc. No. 25. The Court has addressed those motions in a separate order. The Court addresses the remaining motions below.

I.      **Defendants' Motion to Strike Doc. No. 18 (Doc. No. 22)**

Defendants seek to strike Plaintiff's "Motion for Order (or Motion to Disregard Defendant's [sic] 'Motion to Dismiiss' [sic] & Defendant's [sic] Motion to Quash with Protective Order And Motion to Increase Judgment Amout [sic] to $500,000, and Affidvit [sic] In Support," [Doc. No. 18] on the grounds that the motion fails to comply with the local rules and is an improper sur-reply. The Court agrees.

Local Rule 7.1(c) requires litigants to file motions as separate documents. Plaintiff, however, filed a "Motion to Disregard Walmart's Motion to Dismiss" and "Motion to Disregard Walmart's Motion to Quash" and "Motion to Increase Judgment Amount to $500,00" as one compound motion. *See* Doc. No. 18. Additionally, as Defendants point out, the motion serves as sur-replies, or supplemental briefs, to Defendants' Motion to Dismiss and Motions to Quash. Sur-replies or supplemental briefs may be filed only with leave of this Court. LCvR7.1(i). Similarly, Plaintiff seeks to amend his complaint which, at this stage of the litigation may also be done only with leave of this Court or consent from Defendants. Fed. R. Civ. P. 15(a)(2). Plaintiff filed his motion, however, seeking and obtaining neither.

While the Court acknowledges that Plaintiff is proceeding *pro se*, Plaintiff is nevertheless is subject to the Federal Rules of Civil Procedure and the Local Rules of this Court. *See Abdelsamed v. Colorado*, 6 Fed. App'x. 771, 772 (10th Cir. 2001)

2

("[a]lthough pro se litigants' filing are held to less stringent standards than formal pleadings drafted by lawyers . . . they are still subject to the federal rules of civil and appellate procedure.") (citations and quotations omitted). Accordingly, Defendant's Motion to Strike (Doc. No. 22) is GRANTED. Plaintiff's "Motion for Order (or Motion to Disregard Defendant's [sic] 'Motion to Dismiiss' [sic] & Defendant's [sic] Motion to Quash with Protective Order And Motion to Increase Judgment Amout [sic] to $500,000, and Affidvit [sic] In Support." (Doc. No. 18) is STRICKEN.

## II. Plaintiff's Disability-Based Claims

Plaintiff brings disability-based harassment and retaliation claims. Plaintiff alleges that these claims are premised on an EEOC Charge for which he received a right-to-sue letter on April 1, 2015. The Defendants submit that the underlying EEOC Charge is Charge No. 564-2014-00965.[1]

Plaintiff's disability-based harassment claim is dismissed for failure to exhaust. As the Court explained in *Chaney I*, Plaintiff did not demonstrate that he had exhausted his disability-based harassment claims and dismissed without prejudice to allow for Plaintiff to amend his complaint to show that he had exhausted that claim. *Chaney I*, Doc. No. 12, at 7-9. Plaintiff's current complaint (his third involving the same set of instances) fails to

---

[1] Walmart attached a copy of Plaintiff's Charge to its Motion to Dismiss. Doc. No. 14-6. Plaintiff does not challenge the authenticity of the Charge. Doc. Nos. 15, 16. The Court may rely upon this exhibit without converting this motion to dismiss into a motion for summary judgment by taking notice of the Charge. *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (court may take judicial notice of facts which are matter of public record without converting motion to dismiss into motion for summary judgment); *Romens v. City of Colorado Springs*, 2015 WL 4607659, at *4 (D. Colo. Aug. 3, 2015) (taking judicial notice of EEOC Charge).

allege any facts to indicate he exhausted this claim. Accordingly, this Court lacks jurisdiction over Plaintiff's disability-harassment claim and dismisses it with prejudice.

Plaintiff's disability-based retaliation claim is also time-barred. He filed this lawsuit on February 9, 2016, well over ninety days after he received his right to sue letter on April 1, 2015. Doc. No. 1, at p. 2; *see also* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) (claimant has ninety days from the day he receives the right-to-sue letter to file lawsuit). His claim is therefore untimely.

The fact that Plaintiff initially filed a timely lawsuit that was later dismissed without prejudice does not change the result for two reasons. First, as Defendants point out, courts have held that the timely filing of a lawsuit which is subsequently dismissed without prejudice does not toll, or "pause" the running of the statute of limitations. *Bee v. Whirlpool Corp.*, 2013 WL 5351082, at *1 (N.D. Okla. Sept. 24, 2013); *Collins v. McHugh*, 2015 WL 4111324 (E.D. Okla. July 7, 2015) ("state tolling and saving provisions are not applicable" to a federal statute of limitations to a federal claim) (internal citations omitted). Moreover, even if this Court were to apply the principles of equitable tolling to these circumstances, Plaintiff's current lawsuit would still be untimely. As Defendants argue, when Plaintiff filed his lawsuit in *Chaney I* on May 29, 2015, fifty-eight days of the ninety-day statute of limitations had run, and thirty-two days remained. Under the principles of equitable tolling, the period would "pause" during the pendency of *Chaney I*. Upon dismissal of *Chaney I* on December 30, 2015, Plaintiff would have had thirty-two days, or until February 1, 2016, to bring a lawsuit premised

upon his EEOC Charge.[2] In response to Defendants' motion, Plaintiff does not argue that he is entitled to equitable tolling or that his claims are otherwise timely. Accordingly, Plaintiff's disability-based claims, and any other claim related to Charge No. 564-2014-00965, is time-barred.

Even if it were timely, Plaintiff's disability-based retaliation claim would have been dismissed for failure to state a claim. The Court previously dismissed Plaintiff's disability-based retaliation claim because he had failed to allege a causal connection between a protected activity and his termination. *Chaney I*, Doc. No. 12, at 16-17. Plaintiff again fails to allege a causal connection in this lawsuit. At most, he attaches exhibits totaling fifty-nine pages to his complaint and exhibits totaling over 110 pages to his various responses to the Defendants' motion to dismiss. Doc. Nos. 1, 15, 16. Plaintiff does not cite to these exhibits in his complaint or responses. The Court cannot serve as an advocate for Plaintiff and search his exhibits for a plausible basis for his claims. *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840-41 (10th Cir. 2005) (court cannot advocate parties, even those proceeding pro se, and is not responsible for searching the record in support of plausible theories). Accordingly, even if Plaintiff's claim was not time-barred, it would be dismissed for failure to state a claim.

## III. Plaintiff's Whistleblower & Retaliation Claims

Plaintiff also brings claims for "Whistleblower & Retaliation." The Court understands the crux of Plaintiff's second claim ("Whistleblower & Retaliation") to be

---

[2] Plaintiff does not allege or suggest he received his letter after April 1, 2015. However, even applying the Tenth Circuit's presumption that Plaintiff did not receive the letter until 5 days thereafter and applying equitable tolling, Plaintiff's current lawsuit would still be untimely. *See Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (implicit acceptance of five-day presumption).

5

that he was "harassed, ridiculed, and bullied as a result of Whistle blowing [sic] of Illegal, Unethical, and Safe Practices." Construing Plaintiff's *pro se* complaint liberally, the Court understands Plaintiff's claim to be, as Defendants suggest, a claim under *Burk v. K-Mart Corp.*, 770 P.2d 24, 28-29 (Okla. 1989).[3]

*Burk* carved out an exception to Oklahoma's terminable-at-will rule. Under the terminable-at-will rule, Oklahoma employers may "discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." *Burk*, 770 P.2d at 26. Nevertheless, under *Burk*, an employer may not terminate an employee in violation of public policy. *Id.* at 28-29. An employee claiming termination in violation of *Burk* "must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Vasek v. Bd. of Cty. Comm'rs of Noble Cty.,* 186 P.3d 928, 932 (Okla. 2008). The *Burk* exception is narrow and limited to only those cases "where an employee is discharged for (1) refusing to violate an established and well-defined public policy or

---

[3] To the extent Plaintiff sought to bring a claim under Oklahoma's State Whistleblower Act, such a claim would fail because it only applies to state employees bringing suit against a state employer. 74 O.S. Supp.2008 § 840–2.5(A) ("This section shall be known and may be cited as the "Whistleblower Act". The purpose of the Whistleblower Act is to encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state employees for reporting those activities. No conviction of any person shall be required to afford protection for any employee under this section"). To the extent Plaintiff sought to bring a claim under the federal Sarbanes-Oxley Act ("SOX"), he has not alleged that he engaged in a protected activity under that Act, nor that he timely exhausted administrative remedies with respect to that act. Accordingly, such a claim would be dismissed as well.

6

(2) performing some act consistent with a clear and compelling public policy." *Darrow v. Integris Health, Inc.,* 176 P.3d 1204, 1210 (Okla. 2008)

Defendants argue, and the Court agrees, that Plaintiff fails to identify the public policy forming the basis of his claims. However, in light of Plaintiff's *pro se* status, the Court endeavors to liberally construe his allegations to identify the basis of his *Burk* claim. In so doing, the Court understands Plaintiff's claim to be that he was retaliated against for following the store's Standard Operating Procedures ("SOP") by closing the bathrooms while he cleaned them (Doc. No. 1, at 2 ¶ 5, 3 ¶¶ 36, 15, 4 ¶¶ 16, 1-3 ), reporting unspecified Occupational Safety and Health Act ("OSHA") violations to the Occupational Safety and Health Administration ("OSH Administration") (Doc. No. 1, at 3 ¶ 9), and reporting an on-the-job accident or injury to Eric Prentice (Doc. No. 1 at 3 ¶ 8, 5 ¶ 6). Taking these allegations together, and in the absence of any explanation from Plaintiff, the Court understands the public-policy basis of Plaintiff's *Burk* claim to be grounded in OSHA.

Plaintiff's *Burk* claim fails for a number of reasons. To the extent his claim is for retaliation outside of his discharge, it fails because *Burk* torts are limited to claims of wrongful discharge. *See Vasek,* 186 P.3d at 932 (citing elements to *Burk* tort). As to his *Burk* challenge to his discharge, it also fails because the Oklahoma Supreme Court has held that OSHA violations cannot form the basis for a wrongful discharge claim under *Burk*. *Griffin v. Mullinix*, 947 P.2d 177, 180 (Okla. 1997) (an employee "may not base a private tort claim [such as a wrongful termination] against his private employer premised upon either the federal OSHA statute, Oklahoma's [Occupational Health and Safety

Standards] Act or the two in conjunction with one another"); *see also Wilson v. Yuba Heat Transfer, LLC*, 2011 WL 3241385, at *5 (N.D. Okla. July 28, 2011) ("*Griffin* admonished courts to 'tightly circumscribe public policy exceptions to the employment-at-will doctrine,' 947 P.2d at 180, and the Court will not author a new exception to that doctrine in the absence of a clearer articulation by Oklahoma courts of an established public policy") (quoting *id.*).

Accordingly, Plaintiff's Whistleblower & Retaliation claim fails. To the extent his claims were premised on violations of OSHA, those claims fail as a matter of law for the reasons stated above. To the extent Plaintiff's Whistleblower & Retaliation claims are premised on another theory, Plaintiff has 14 days to submit an amended complaint setting forth the Oklahoma public policy prohibiting his discharge. [4] Plaintiff is cautioned that conclusory allegations will not suffice. His amended complaint must allege facts regarding what whistleblowing activity Plaintiff engaged in that he believes led to his retaliatory discharge. Failure to cure these defects will result in dismissal with prejudice.

---

[4] To the extent Plaintiff's "Whistleblower & Retaliation" claim is premised on his disability status, the Oklahoma Legislature amended the Oklahoma Anti-Discrimination Act ("OADA") to eliminate status-based *Burk* tort claims. 25 Okla. Stat. § 1350(A) ("A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."); *id.* § 1101(A) (OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information"); *see also MacDonald v. Corporate Integris Health,* 321 P.3d 980, 983 (Okla. 2014) (legislature has determined that Oklahoma's public policy is better protected by statutory cause of action and relief set forth in section 1350, rather than common law tort liability).

**IV. Plaintiff's Claims for Retaliation in Response to Reporting OSHA violations and Filing Workers Compensation Claims**.

*A. Retaliation Claim Under OSHA*

Although not clear, it appears that Plaintiff is reasserting his claims that he was terminated and harassed in retaliation for reporting OSHA violations. The Court dismissed these claims with prejudice. *Chaney I*, Doc. No. 12. Plaintiff thus is precluded from bringing them again. *Mars v. McDougal*, 40 F.2d 247, 249 (10th Cir. 1930) ("A dismissal with prejudice is a decision on the merits and is a bar to a further action under the doctrine of res adjudicate").

*B. Retaliation for Filing a Workers' Compensation Claim*

Defendants also argue that Plaintiff again failed to state a claim with respect to his workers' compensation retaliation claim. In *Chaney I*, the Court previously dismissed his workers' compensation claims without prejudice because Plaintiff did not allege the dates of any injury that formed the basis of his workers' compensation claims. *Chaney I*, Doc. No. 12, at 21-22. This created two problems. First, without the date, it was not clear if Plaintiff experienced a "consequent" discharge. Second, the Court could not determine if it had jurisdiction over Plaintiff's claim. Jurisdiction, the Court explained, varied based on the date of the injury. The Court would have jurisdiction for a claim of retaliatory discharge if the workers' compensation claim was for injuries occurring *before* February 1, 2014, but not for claims related to injuries occurring after that date. The latter claims, the Court explained, would be within the exclusive jurisdiction of the Workers

Compensation Commission, which was created by Oklahoma's Administrative Workers' Compensation Act (the "AWCA"). Okla. Stat. tit. 85A §§ 1, 3 7(A) & (B), 19(A).[5]

Once again, Plaintiff alleges only that he was discharged as a result of two "ongoing" workers' compensation claims, but does not allege the date of the injury underlying these claims. Doc. No. 1, at 3 ¶ 13. The Court again is without sufficient information to determine if Plaintiff experienced a consequent discharge and whether it even has jurisdiction over Plaintiff's claims. Accordingly, the Court again dismisses Plaintiff's claims without prejudice.

The Court will provide Plaintiff leave to amend this claim. Plaintiff has fourteen (14) days from the date of this Order to file an Amended Complaint that cures the pleading defects the Court has identified with respect to his Workers' Compensation Retaliatory Discharge claim. The Court cautions Plaintiff that simply filing numerous pages of exhibits without directing the Court to the specific information Plaintiff seeks to reference is insufficient. As discussed previously, the Court cannot advocate Plaintiff's case on his behalf and will not comb through his exhibits to make his case for him. *See Garrett,* 425 F.3d at 840. The Court also cautions Plaintiff that if his subsequent amended pleading fails to cure the defects identified in this Order, the Court will dismiss his claim with prejudice.

---

[5] Specifically, the AWCA applied only to those claims for injuries occurring after the effective date of February 1, 2014. Okla. Stat. tit. 85A § 3(B) (AWCA applies "to claims for injuries and death based on accidents which occur on or after the effective date of this act").

## V. Other Pending Motions

Plaintiff's Motions to Add Party (Doc. No. 19) and Motion for Order (Doc. No. 24) are DENIED as MOOT. To the extent Plaintiff seeks to substitute Defendant "Walmart Store No. 517" with "Wal-Mart Stores East, LP," he may do so in an amended complaint that is to be filed no later than 14 days from the date of this order.

## VI. Conclusion

Accordingly, for the foregoing reasons:

The Court GRANTS Defendants' Motion to Strike (Doc. No. 22). Plaintiff's Motion for Order (Doc. No. 18) is STRICKEN.

The Court GRANTS Defendants' Motion to Dismiss (Doc. No. 14) as follows:

- Plaintiff's disability-based harassment claims are DISMISSED WITH PREJUDICE.

- Plaintiff's claims on disability-discrimination (including harassment and retaliation) that are premised on EEOC Charge No. 564-2014-00965 are DISMISSED WITH PREJUDICE.

- Plaintiff's claims under OSHA are DISMISSED WITH PREJUDICE.

- Plaintiff's claims of retaliatory discharge for filing a Workers' Compensation are DISMISSED WITHOUT PREJUDICE. Plaintiff has 14 days from the date of this Order to file an amended complaint that sets forth the date of the injuries and workers' compensation claims that form the basis of his claim. If Plaintiff fails to do so or his amended complaint fails to provide this information, this claim will be dismissed with prejudice without further notice from the Court.

- Plaintiff's Whistleblower & Retaliation claim is DISMISSED WITHOUT PREJUDICE. Plaintiff has 14 days from the date of this Order to file an amended complaint setting forth the Oklahoma public policy prohibiting his discharge. If Plaintiff fails to do so or his amended complaint fails to provide this information, this claim will be dismissed with prejudice without further notice from the Court.

Plaintiff's Motions to Add Party (Doc. No. 19) and Motion for Order (Doc. No. 24) are DENIED as Moot. To the extent Plaintiff seeks to substitute Defendant "Walmart Store No. 517" with "Wal-Mart Stores East, LP," he may do so in an amended complaint that is to be filed no later than 14 days from the date of this order.

IT IS SO ORDERED this 1st day of August, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE